**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

 v.

MARCUS DIETER FELDER,

    Defendant - Appellant.

Nos. 23-596
   23-597

D.C. Nos. 3:14-cr-00536-MMC-1
     3:19-cr-00256-MMC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted May 29, 2024[**]

Before:  FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

  In these consolidated appeals, Marcus Dieter Felder challenges a special

condition of supervised release that was imposed following his convictions for

aggravated identity theft, fraudulent use of unauthorized access devices, effecting

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

transactions with access devices issued to other persons, contempt of court, and failure to appear for sentencing, in violation of 18 U.S.C. §§ 401, 1028A, 1029, and 3146. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Felder contends that the district court erroneously imposed a special condition of supervised release that requires him to abstain from alcohol because he has no history of alcohol abuse, his offenses were not alcohol-related, and the district court did not find that alcohol use is related to drug abuse. The parties dispute whether Felder waived this claim by failing to raise it in his first appeal. We need not resolve this dispute because, even if the claim is merely forfeited, the district court did not plainly err in imposing the condition. *See United States v. Olano*, 507 U.S. 725, 733-35 (1993). The presentence report shows, and Felder admitted, that his offense conduct and criminal history were linked to his methamphetamine addiction. Contrary to Felder's argument, the alcohol abstention condition is reasonably related to the goals of rehabilitation and protection of the public, even in the absence of any indication of alcohol addiction, because of the tie between drug and alcohol abuse. *See United States v. Vega*, 545 F.3d 743, 747-48 (9th Cir. 2008). At the very least, any error by the district court in imposing the alcohol abstention condition was not "obvious" under existing law. *See Olano*, 507 U.S. at 734.

**AFFIRMED.**